IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCUS TODD DRAKE,

Plaintiff,

v.                                    CASE NO. 17-3208-SAC

COUNTY OF SEDGWICK, et al.,

Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Marcus Todd Drake, a prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 civil rights complaint. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

### I.  Nature of the Matter before the Court

Plaintiff's complaint (Doc. #1) is based on the following allegations. Plaintiff was sentenced to 18 months of probation after a conviction on his guilty plea in Sedgwick County, Kansas. On April 27, 2016, Sedgwick County issued a probation violation warrant for Plaintiff.[1] On August 22, 2016, Plaintiff was arrested in Miles City, Montana, and charged with forgery. Montana authorities apparently discovered the Kansas warrant at that time. Plaintiff was convicted on the forgery charge and is currently serving a 60-month sentence in Montana.

---

[1] Plaintiff does not include in his complaint any information about the basis for the Kansas warrant or his Montana conviction. The Court takes judicial notice of the application for writ of habeas corpus filed by Plaintiff in this Court and the subsequent dismissal (Case No. 17-3104-SAC), which contains this information.

Plaintiff is claiming he was detained prior to trial in Montana "for a longer period than necessary" and is being housed with maximum security offenders because of the Sedgwick County, Kansas, warrant. Doc. #4, at 3. He further claims he is "not allowed to participate in work release, not allowed to be housed in the work dorm, not allowed to go to a pre-release center, not allowed to be housed with other minimum security offenders, denied regular parole," and was sexually assaulted by Montana prison staff, all due to the Sedgwick County warrant. *See* Doc. #4, at 2, 3. Mr. Drake claims that Defendants have violated is Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

Plaintiff names Sedgwick County and Terry Sharp, Jr., a court services officer at the Sedgwick County District Court who signed the probation violation warrant, as defendants. He requests relief in the form of $25,000.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the

complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a *pro se* plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

## III. Discussion

Plaintiff's complaint is subject to dismissal. His fundamental complaint is that he is being held in Montana without trial or hearing on the Sedgwick County, Kanas, warrant in violation of his due process rights under the Fourteenth Amendment. This claim was raised by Plaintiff in his petition for writ of habeas corpus filed with this Court and dismissed on August 23, 2017 (Case No. 17-3104-SAC). As the Court found in that case, and as the Tenth Circuit has

long held, where a petitioner is being detained on an intervening charge, he has no right to a revocation hearing until the intervening sentence is complete and he is taken into custody under the violator warrant.  *See Small v. Britton*, 500 F.2d 299, 301 (10th Cir. 1974); *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633 (10th Cir. 1991) (parolee is not entitled to a violation hearing until he is taken into custody pursuant to the violation warrant and need not be given a revocation hearing before completing an intervening sentence); *United States v. Gomez–Diaz,* 415 F. App'x. 890, 895 (10th Cir. 2011)(unpublished) ("[A]ny pending grounds for revocation of supervised release on which the detainer was issued may await completion of Mr. Gomez–Diaz's state sentence without violating his constitutional rights")(citing *see Moody v. Daggett,* 429 U.S. 78, 88–89 (1976))(and he "is not entitled to a revocation hearing until after he is taken into federal custody on the arrest warrant")(citing *see McDonald,* 955 F.2d at 631).  In *Moody*, the Supreme Court expressly held that a parole violator serving an intervening sentence is not entitled to an immediate revocation hearing and that such hearing may be deferred to the expiration of the parolee's intervening sentence.  *Moody*, 489 U.S. at 86.  The court reasoned that loss of liberty occurs only upon execution of the warrant.  *Id.* at 87.

Here, Plaintiff is serving an intervening sentence in Montana, and therefore has no right to a probation revocation hearing in Kansas until the intervening Montana sentence is complete and he is taken into Kansas custody.  The Court concludes that if Mr. Drake is claiming that his due process rights are being violated by the failure to hold a speedy revocation hearing on his Kansas probation violation, he is making a legally frivolous claim.  *Gomez–Diaz,* 415 F. App'x at 895; *Baird v. Caroche,* 171 F. App'x 260, 260–61 (10th Cir. 2006).  It follows that if Plaintiff is attempting to challenge the validity of the violator warrant, for instance by asserting it was

4

signed by the wrong person, he cannot raise this claim until the warrant is executed upon and he is in Kansas custody.

Plaintiff's corollary complaint that the outstanding Kansas probation violation warrant is adversely affecting his present conditions of confinement in Montana and has resulted in the violation of his Fourth, Fifth, and Eighth Amendment rights by Montana officials likewise presents no grounds for relief. This argument was also addressed in *Moody,* where the defendant alleged that "the pending warrant and detainer adversely affect his prison classification and qualification for institutional programs." *Moody,* 429 U.S. at 88 n. 9. The Supreme Court expressly ruled in *Moody* that a liberty interest did not arise because of possible adverse impact of a parole violator detainer on a prisoner's classification or eligibility for various rehabilitation programs. *Id.* It has also repeatedly been held in this Circuit that the mere fact that a state detainer may affect the conditions of a petitioner's current confinement does not entitle him to relief. *See e.g., U.S. v. Romero,* 511 F.3d 1281, 1284 (10th Cir. 2008)(rejecting Romero's argument that "because the detainer warrant has not been executed" he was "prejudiced because he cannot participate in treatment and other prison programming"); *Baird,* 171 F. App'x at 261; *McDonald,* 955 F.2d at 634 (Even if petitioner's contention "that because of the unexecuted detainer warrant, he is being prejudiced in his ability to take advantage of various educational and rehabilitative programs offered by the incarcerating institution" were well grounded, "the Supreme Court has rejected the concept that these kinds of adverse consequences of state action trigger a due process concern.") (citing *Moody,* 429 U.S. at 88 n. 9). In *Romero,* the Tenth Circuit explained that "[e]ven assuming there are some collateral adverse consequences, we have 'rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right.'" *Romero,* 511 F.3d at 1284–85 (citing *Moody,* 429

U.S. at 88, n. 9).  Thus, Plaintiff's allegations that the Kansas probation violation warrant is adversely impacting the conditions of his confinement in Montana also fail to state a claim. Furthermore, prison officials have full discretion to control conditions of confinement and may reasonably determine, based on experience and expertise, that prisoners with outstanding charges warrant more restrictive treatment.

The Court makes no finding as to whether Plaintiff's constitutional rights were violated as a result of the alleged sexual assault because Plaintiff has failed to name a proper defendant for that claim.   To impose liability under § 1983, Plaintiff must show Defendant Sharp personally participated in the alleged constitutional violation.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.   *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Obviously, Plaintiff cannot make such a showing.  The other named defendant, Sedgwick County, can only be held liable for acts of its own employees, and even then, Plaintiff would have to show that an employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998)(citing *see Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)).  Again, this is not possible.

Finally, even if Plaintiff could challenge the Kansas warrant at this time, Defendant Sharp is immune from liability for the only action Plaintiff alleges he took: signing the warrant.

It is well established in the Tenth Circuit that a court clerk enjoys absolute quasi-judicial immunity from monetary damages when he or she performs a "judicial act." *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000); *Lundahl v. Zimmer,* 296 F.3d 936, 939 (10th Cir. 2002), *cert. denied,* 538 U.S. 983 (2003); *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir. 1992); *Henriksen v. Bentley,* 644 F.2d 852, 855 (10th Cir. 1981).    Defendant Sharp's signing of the violator warrant is such an act.  *See Newton v. Buckley*, 127 F.3d 1109 (Table), 1997 WL 642085, *4 (10th Cir. 1997).

## IV.  Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  Plaintiff is therefore required to show good cause why his complaint should not be dismissed.  The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).  Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **January 29, 2018**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 29th day of December, 2017, at Topeka, Kansas.

s/  Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**