IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARCUS TODD DRAKE,

                    Plaintiff,

        v.                                        CASE NO. 17-3208-SAC


COUNTY OF SEDGWICK, et al.,

                    Defendants.


## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983.  By order dated December 29, 2017, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted.  The Court found that (1) Plaintiff has no right to a probation revocation hearing in Kansas until his intervening Montana sentence is complete and he is taken into custody under the Kansas violator warrant; (2) he cannot raise any claim as to the validity of the warrant until it is executed upon and he is in Kansas custody; (3) Plaintiff's allegations that the Kansas probation violation warrant is adversely impacting the conditions of his confinement in Montana fail to state a claim; and (4) Plaintiff's claim that his Eighth Amendment rights were violated as a result of a sexual assault by Montana prison officials cannot be brought against the named defendants.  Before the Court is Plaintiff's response (Doc. 10) to the show cause order.

In his response, Plaintiff makes two arguments why his complaint should not be dismissed. After considering Plaintiff's response and the additional information he provided, the Court finds that Plaintiff's complaint should be dismissed.

First, Plaintiff names the Montana official who allegedly sexually assaulted him in an attempt to save his Eighth Amendment claim. This person is not a defendant to this action, nor can a claim against him be properly joined to his claims against the named defendants. Federal Rules of Civil Procedure 18, 20, and 21 govern joinder and misjoinder of parties and claims. Rule 20(a)(2) allows a plaintiff to join multiple defendants in one action "if the claims against them arise out of the same transaction or occurrence and there is a common question of law or fact linking the claims together." *Nasious v. City and County of Denver – Denver Sheriff's Dept.*, 415 F. App'x 877, 880 (10th Cir. 2011). "Misjoinder [under Rule 21], on the other hand, occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." *Id., quoting DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006).

Plaintiff's claims against Sedgwick County and Terry Sharp arise out of a completely different occurrence than his possible claim against a detention officer in Montana. Plaintiff's argument that the existence of the Kansas violator warrant somehow caused the alleged sexual assault by a Montana detention officer is far too tenuous to qualify as the "same transaction or occurrence." Sedgwick County, Terry Sharp and the Montana detention officer cannot be joined in one lawsuit. Plaintiff's Eight Amendment claim must be dismissed.

Plaintiff's second argument in response to the order to show cause is that the Kansas warrant is a "non-extraditable warrant to which the State of Kansas will extradite [him] regardless." Doc. 10 at 1. Plaintiff does not explain why that makes any difference to the claims

he raises here.  Plaintiff is apparently attempting to base a claim on an extradition to Kansas that has not occurred and may never occur.

Plaintiff has not shown good cause why his complaint should not be dismissed.  Plaintiff fails to state a claim on which relief may be granted, and his complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 17th day of April, 2018, at Topeka, Kansas.

s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**